**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MAZZEO UNUM and INTERFAITH PARTNERSHIP
FOR THE HOMELESS INCORPORATED,[1]

                       Plaintiffs,

         - v -                                  Civ. No. 1:13-CV-0586
                                                      (MAD/RFT)

DEP'T OF TAXATION AND FINANCE; INTERNAL
REVENUE SERVICE; DEP'T OF BANKING; DEP'T OF
LABOR, *State Campus*,

                       Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

MAZZEO UNUM
Plaintiff, *Pro Se*
171-176 Sheridan Ave., Apt. #6
Albany, New York 12210

INTERFAITH PARTNERSHIP FOR THE HOMELESS INCORPORATED
Plaintiff, *Pro Se*
176 Sheridan Ave.
Albany, New York 12210

---

[1] Upon information and belief, Interfaith Partnership for the Homeless ("IPH") is an entity whose mission involves providing "emergency shelter, services and advocacy for homeless people to maximize their self-sufficiency, foster their empowerment and promote their reintegration into the community." *See* Interfaith Partnership for the Homeless website, *available at* http://www.interfaithpartnership.com/about-us/. Although the address maintained by IPH (as reflected on both its website and Plaintiff's Complaint) and that provided by Plaintiff are the same, it is not clear what IPH's relationship is with Plaintiff Mazzeo Unum and whether it intended to initiate this lawsuit alongside Mazzeo. As noted later in this Report-Recommendation and Order, because IPH is a corporation, it cannot represent itself in federal court and must obtain the services of an attorney if it wishes to pursue this action.

     Furthermore, as in previous cases filed by Plaintiff Mazzeo Unum, there are discrepancies between the name provided in the "Caption"/"Parties" sections of the Complaint, both of which note his name as "Mazzeo Unum," and the signature to that Complaint, which reads "Mazzeo Unum Bruno," and the signature to the *In Forma Pauperis* ("IFP") Applications, which reads "Mazzeo Unum." *Compare* Dkt. No. 1, Compl., *with* Dkt. Nos. 5 & 9, IFP Apps. Upon information and belief, based upon the totality of all submissions presented in the battalion of cases initiated by Mazzeo Unum, these names are simply aliases and his name, according to government documents submitted by him, is Michael Mazzeo, who at one time was a physician authorized to practice medicine in New York State; that license, however, was revoked in April 2000 by the New York State Department of Health. *See* Ct. Ex. 1.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court a Complaint and an Application to Proceed *In Forma Pauperis*, filed by *pro se* Plaintiff Mazzeo Unum. Dkt. No. 1, Compl;[2] Dkt. No. 9, Mot. for IFP. Because the pleading fails to satisfy basic pleading requirements, as more fully discussed below, this Court recommends dismissal. Furthermore, in light of Plaintiff Unum's abuse of the judicial process in this District, we recommend that he not be given special solicitude normally accorded to *pro se* litigants and no opportunity to amend be granted. Instead, we recommend that this matter be referred to the Honorable Gary L. Sharpe, Chief United States District Judge, for the issuance of an anti-injunction order preventing Plaintiff from filing any further actions in this District without prior permission from the Chief District Judge.

### I. DISCUSSION

**A. Review of the Instant Complaint and *In Forma Pauperis* Application**

In accordance with this Court's prior Order,[3] Plaintiff Unum provided a more detailed account of his income, assets, and debts. Dkt. No. 9. Thus, after reviewing the updated Application, the Court finds that Plaintiff Unum may properly proceed with this matter *in forma pauperis* in accordance with 28 U.S.C. § 1915.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that

---

[2] All citations to the Complaint herein are to the page numbers automatically assigned by the Court's Case Management Electronic Filing System.

[3] This Court previously denied Plaintiff Unum's IFP application because it was incomplete. Dkt. No. 8.

. . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Furthermore, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy) (other citations omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17,

1992 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at p. 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy of a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (quoting *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) and further citing *Salhuddin v. Cuomo*, 861 F.2d at 42). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B  Allegations Contained in the Complaint

Initially, the Court notes that, according to the "Parties" section of the *pro forma* Complaint utilized by Plaintiff,[4] this action is brought by an individual, Mazzeo Unum, and an entity, Interfaith Partnership for the Homeless Incorporated (hereinafter "IPH").[5] Attached to the Complaint are

---

[4] Plaintiff utilized a *pro forma* complaint used by individuals seeking a remedy under the Americans with Disabilities Act ("ADA"), pursuant to 42 U.S.C. § 12101 *et seq.*

[5] According to documents attached to the *pro forma* Complaint, there seem to be additional plaintiffs, or rather "Complainant's [sic]" denoted as follows:
    1. Mazzeo–Unum; Bruno; Giovanni;- Michael
    2. Mazzeo–Unum; Ariel; Samantha; Giovavia
    3. Mazzeo–Unum; Christian; Antonio; Toro

(continued...)

reams and reams of Exhibits, some of which have been uploaded to the Court's Case Management Electronic Case Filing ("CM/ECF") System, while others, due to the sheer volume of documents presented and the burden imposed on members of the Clerk's Office, are maintained in traditional, hard-copy format in the Court's Clerk's Office. *See* Dkt. Nos. 1, 1-1, 1-2, 1-3, 2, 3, & 4. The attached Exhibits are not always separately labeled, appear to be haphazardly arranged, and, in many instances, are duplicated throughout. The content of these Exhibits run the gamut, including, but by no means limited to, the following:

- Excerpted state court directories/biographies of various New York State court judges;
- Documents filed in family court regarding Michael Mazzeo's support obligations;
- Rent agreements;
- U.S. Postal delivery confirmation receipts;
- Statements issued to Michael John Mazzeo regarding his federal Social Security benefits;
- Statements from healthcare professionals indicating that they provide services to "Bruno (Michael) Mazzeo-Unum" for "[M]ental health disabilities relate[d] to history of Traumatic Brain Injury and Post Traumatic Stress Disorder";
- Papers filed and decisions rendered in various New York State courts;
- Excerpts from countless other publications, including obituaries, newspaper articles regarding the December 14, 2012 school shooting in Newtown, Connecticut, and the July 20, 2012 mass shooting in Aurora, Colorado, as well as what appears to be a novel entitled *Sleepy Hollow*.

Dkt. No. 1 at pp. 7-8, 14, 15-20, 21, 22-23, 24-28, & 78-79; Dkt. No. 1-1 at pp. 31-32, & 33-104; Dkt. No. 1-2 at pp. 1-21, 23-24, 46-51, & 52-61; Dkt. No. 1-3 at pp. 1-48 & 50-65; Dkt. No. 2 at pp. 2-3; Dkt. No. 3 at pp. 3-10; *see also* Compl. Exs. (maintained in hard-copy format in Clerk's Office).

Intermeshed with these Exhibits are pages and pages of disjointed typed and hand-written narratives.

Dkt. No. 1 at pp. 5-6, 9-10, & 29-78; Dkt. No. 1-1 at pp. 1-21 & 23-30; Dkt. No. 1-2 at pp. 25-45;

---

[5](...continued)
Compl. at p. 5.

Dkt. No. 2 at pp. 34-42 & 50-53; *see also* Compl. Exs. (maintained in hard-copy format in Clerk's Office).  As explained below, the entirety of the Complaint and Exhibits are nothing short of nonsensical and unintelligible verbiage by which the Court can discern no rational relationship between the named Defendants and any purported wrongs committed against Plaintiffs.

Initially, the Court notes that both Plaintiff Unum and IPH purport to represent themselves in this matter.  It is clear that an individual may appear in the federal courts either *pro se* or through counsel.  28 U.S.C. § 1654.  However, while a non-attorney layperson has the right to proceed *pro se*, a layperson may not proceed *pro se* on behalf of another person or entity.  *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).  Furthermore, corporations must be represented by an attorney. *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).  Thus, because Plaintiff Unum is not an attorney, he may not represent IPH.  Furthermore, to the extent the Court takes judicial notice that IPH is a corporation, it cannot represent itself in federal court, but must instead secure representation by an attorney.[6]  Accordingly, this Court recommends dismissing Plaintiff IPH from this action.[7]

Because we recommend dismissal of IPH, we will consider the adequacy of the Complaint as it pertains only to Plaintiff Unum.  In this regard, a review of the Complaint reveals that such pleading clearly fails to satisfy the requirements of the above-mentioned Federal Rules and should be dismissed pursuant to 28 U.S.C. § 1915(e).

---

[6] Notably, it is not clear whether IPH intended to initiate this action and whether it has any notice that Plaintiff Unum has included it in this lawsuit.  *See supra* note 1.

[7] Under other circumstances, this Court would either stay the action in order to permit the corporation to obtain counsel or recommend that this entity be dismissed without prejudice with leave to rejoin upon the filing of a notice of appearance by an attorney duly admitted to practice law in this District.  However, such courses of action would be futile in light of our recommendation herein of outright dismissal of this entire action without leave to replead.

The Complaint is, at best, disjointed and confusing. Plaintiff Unum utilizes a *pro forma* complaint typically used by individuals seeking to sue under the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101 *et seq.* However, at no point does Plaintiff Unum explain what disability he suffers from, nor how the named Defendants discriminated against him in any way because of such disability. In assiduously and painstakingly reviewing the entire Complaint, the Court acknowledges that certain Exhibits attached to the Complaint indicate that Plaintiff Unum, in 2012, received healthcare services for treatment of mental disabilities, and that, at some point, he received Social Security benefits, although it is not clear why he received such payments. Dkt. No. 1 at p. 22; Dkt. No. 1-1 at pp. 110-11. And there are a myriad Exhibits reflecting various mental health evaluations Plaintiff received, either through referral or through court proceedings. *See generally* Compl. Exs. (maintained in traditional, hard-copy format in Clerk's Office). Yet, it appears that he concomitantly spends considerable energy debunking the notion that he suffers from any mental infirmity, or rather, that he has been misdiagnosed. *See*, *e.g.*, Dkt. No. 1-2 at pp. 26-28.

Nevertheless, even if we were to find that Plaintiff establishes that he suffers from a disability falling within the ADA, the body of the Complaint and the multitude of documents attached thereto are devoid of any factual allegations against any specific Defendant by which this Court can assess any wrongdoing. For the most part, Plaintiff Unum presents disjointed and fragmented sentences, causing considerable hardship to this Court in attempting to assess the viability of any claims presented. Oftentimes, he simply lists terms, adjectives, and/or mental diagnoses. Other times, he embarks on incoherent diatribes about women and how they approach/trick men, or about personality disorders, or about the unbearable treatment/conduct he endured in Kings, Bronx, Westchester, and Rockland Counties, the latter of which appears to be the

situs of state child support proceedings, just to name a few. There is no statement in the Complaint regarding this Court's jurisdiction, nor what relief is being sought, notwithstanding the fact that he mentions the ADA on countless occasions throughout his pleading and attached Exhibits. The *pro forma* Civil Cover Sheet attached to his Complaint provides no further insight as multiple and conflicting options are selected. Dkt. No. 1-4.

In short, the pages after pages of documents submitted to this Court are nonsensical. After expending considerable time reviewing the entire Complaint, which is comprised of over 500 pages including Exhibits, the Court is quite candidly bewildered as to why Plaintiff Unum has sought Court intervention.

Since Plaintiff's Complaint plainly does not comply with the requirements of the above-mentioned pleading rules, and in its current form, the pleading fails to state a cause of action, we recommend that dismissal is appropriate. The Court is cognizant that Plaintiff Unum is proceeding *pro se* and may suffer from some mental infirmity and, as such, we would normally accord liberality and leniency in construing his pleading. Under such circumstances, the explicit policy expounded by the Second Circuit is that prior to outright dismissal, a *pro se* litigant should be given an opportunity to amend his pleading in order to better state a cognizable cause of action. *See Simmons v. Abruzzo*, 49 F.3d at 86-87. Indeed, this Court has afforded such liberality to Mr. Unum on numerous prior occasions. *See infra* Part I.C. However, in light of the burden placed upon the Court in combing through Mr. Unum's Complaint and Exhibits, and the fact that he has employed this tactic in each of his ten other cases filed in this District, we recommend that this action be dismissed outright with no leave to amend. *See, e.g., Smith v. United States*, 554 F. App'x 30, 31 (2013) (quoting *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972), in affirming the lower court's

dismissal of the *pro se* complaint because it consisted of a "labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension"). And, as explained below, we further recommend, in the interest of preserving judicial resources, that this matter be referred to Chief Judge Sharpe for the issuance of an anti-injunction order.

### C. Unum's Litigation History and Abuse of Judicial Process

Courts have always recognized that they may resort to restrictive measures when responding to vexatious litigants. *In re Martin-Trigona*, 9 F.3d 226, 228-29 (2d Cir. 1993) (noting that the Supreme Court and other Circuits have imposed restrictive measures). The Court has the obligation to protect the public and the efficient administration of justice from individuals who have a history of vexatious and harassing litigation because it imposes needless expense on the parties and an unnecessary burden on the court. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). In this context, courts have accepted the need for permanent injunctions as a result of extraordinary patterns of vexatious, harassing, and baffling litigation practices. *In re Aarismaa*, 233 B.R. 233, 247 (N.D.N.Y. 1999); *Toro v. Depository Trust Co.*, 1997 WL 752729, at *4 (S.D.N.Y. Dec. 4, 1997) (identifying the All Writs Act as a legal basis to impose sanctions and enjoin a plaintiff who abuses the judicial process).

Under the All Writs Act, 28 U.S.C. § 1651, a court may sanction a vexatious litigant who abuses the judicial process by enjoining him from pursuing future litigation without leave of the court. *Malley v. New York City Bd. of Educ.*, 112 F.3d 69, 69-70 (2d Cir. 1997); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004). An enjoinder may be permanent or may impose the less drastic remedy of a "leave to file" requirement. *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (noting the court's ability to levy a leave to file requirement); *Raffee v. John Doe*, 619 F.

Supp. 891 (S.D.N.Y. 1985) (granting a permanent injunction restraining the plaintiff from filing any further actions); *In re Aarismaa*, 233 B.R. at 247 (observing that such "restrictive measure[s] have included foreclosing the filings of pleadings in a particular case or requiring that leave of court first be sought").

Before regulating a truculent and persistent litigant by restricting future access to the court, a court should consider

> (1) the litigant's history of the litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, and in particular whether the litigant has a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Toro v. Depository Trust Co.*, 1997 WL 752729, at *4 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Plaintiff Unum has filed at least eleven actions in this District, all, with the exception of one,[8] were dismissed early on in the litigation due to the frivolousness in incomprehensibility of the papers submitted and Plaintiff's failure to state a cause of action. It is important to note that in each of these eleven cases, Plaintiff Unum assumes a variation of his given name, Michael Mazzeo, wherein he maintains his surname but combines it with "Unum" or "Bruno" or "Rizzo." *See supra* note 1. Other instances, he drops his name completely and instead provides variations with "Unum." Having been assigned to six of the eleven cases, this Court unequivocally states that,

---

[8] While the undersigned was reviewing the instant Complaint and drafting this recommendation that seeks the issuance of a bar order, Plaintiff filed another civil action entitled *Mazzeo v. Dep't of Taxation and Finance*, 1:14-CV-391 (LEK/RFT). The Court has reviewed the initial submissions in that action and find them to be identically insufficient in both form and substance as all his other actions. It is the Court's intention to issue a Report-Recommendation and Order in that case recommending dismissal, thus bringing Plaintiff's track record to eleven out of eleven actions recommended be dismissed.

*-10-*

notwithstanding the varying aliases, it is the same individual initiating each of these actions.[9] The following is a list with brief recitation of each of Plainitiff's cases and accompanying dispositions:

**1.** *Mazzeo v. State of NYDOH, et. al*, **5:05-CV-1598 (NAM/DEP).**

*Pro se* plaintiff Michael Mazzeo initiated this action in December 2005 by filing a typed, twenty-five-paged complaint against fifteen defendants, eleven of which are individuals. Because the complaint as submitted failed to satisfy basic pleading requirements, Mazzeo was instructed to file an amended complaint if he wished to avoid dismissal. In response, Mazzeo submitted a two-paged handwritten note accompanied by other documents, such as proof of his licensing and education credentials, and a copy of the decision rendered by the Court containing hand-written notations throughout. Then, Mazzeo re-submitted the original typed complaint, but with handwritten notations and numbering of each paragraph. Upon review, the Court deduced that Plaintiff may have been challenging the revocation of his license to practice medicine, however, the complaint was found to be utterly lacking in an arguable basis in law and the Court could not discern any cause of action that could provide some relief to Mazzeo and was therefore ripe for dismissal pursuant to 28 U.S.C. § 1915(e). Ultimately, the case was dismissed on that basis.

**2.** *Mazzeo-Unum v. United States Dep't of Housing and Urban Dev., et al.*, **1:09-CV-1420 (LEK/RFT).**

This action was initiated by Bruno Mazzeo-Unum in December 2009 naming over fifty defendants. In a report-recommendation and order, this Court found that the entirety of the typed, thirty-four paged pleading was confusing and devoid of any factual allegation against a single

---

[9] In one of his cases, Plaintiff provided a photocopy of a Nondriver Identification Card, which, upon information and belief, was issued by the state of Vermont to Michael Mazzeo. Staff members from my Chambers conferred with various staff members in the Albany Clerk's Office, each of whom confirmed that the individual portrayed in that Identification Card is the same individual who approached the public counter to file each of the eleven actions referenced herein. *See* Ct. Ex. 2.

defendant. While the complaint as submitted failed to satisfy basic pleading requirements, in light of his *pro se* status, we recommended that prior to outright dismissal, he be given an opportunity to amend his complaint. The recommendation of allowing an amended pleading was adopted by the assigned District Judge, however, Plaintiff opted instead to submit reams and reams of documents ("Evidence"), each of which were stricken because they were unclear and contained personal identifying information in contravention to this District's Local Rules of Practice. Ultimately, the case was dismissed, but that did not forestall Mazzeo's efforts to provide the Court with further "Additional Evidence," comprised of the same types of documents described above.

**3.** *Mazzeo-Unum v. Soc. Sec. Admin., et al.***, 1:11-CV-983 (GLS/RFT).**

Bruno Mazzeo-Unum, a/k/a Mazzeo Unum, a/k/a Mazzeo Unum Rizzo[10] initiated this action in August 2011 against the Social Security Administration, the New York State Division of Human Rights, the New York State Commission on Judicial Conduct, and the United States Department of Housing and Urban Development, possibly on behalf of himself and another individual. In reviewing the complaint, which totaled over six hundred pages, this Court noted that Plaintiff presented the Court with *pro forma* complaints used by litigants seeking to pursue civil rights violations, pursuant to 42 U.S.C. § 1983, and employment discrimination, pursuant to 29 U.S.C. §§ 621-34, but given that most of the pre-printed information on such forms were crossed off and because there was a lack of factual allegations, this Court struggled in comprehending why Plaintiff brought the action. While dismissal was plainly appropriate, in light of his *pro se* status, we

---

[10] As with many of his actions, there was confusion as to the names of the individuals bringing the action, and there were several discrepancies throughout the papers submitted as to who brought the action. For example, the complaint sometimes listed only one plaintiff, Mazzeo Unum, but was signed by two individuals, Mazzeo Unum and Mazzeo Unum Rizzo. Because of the confusion, the Court directed that all name variations be listed as plaintiffs in the Court's docket report.

recommended that Plaintiff first be given an opportunity to amend his pleading in order to cure the deficiencies. Thereafter, Plaintiff filed multiple, voluminous submissions purporting to be an amended complaint with supporting exhibits. Upon review, the assigned District Judge found that the same errors saturated the amended complaint and that there appeared to be an attempt to relitigate claims dismissed in a prior action, namely, *Mazzeo-Unum v. United States Dep't of Housing and Urban Dev.*, Civ. No. 1:09-CV-1420 (LEK/RFT). The case was dismissed due to Plaintiff's failure to comply with Rules 8 and 10 and for failing to state a claim.

**4.** ***Unum v. Orange Cnty. Cent. Jail, et al.*, 1:12-CV-16 (GTS/RFT).**

Plaintiff, proceeding as "Bruno Unum," brought an action naming various entities located in Santa Ana, California. Therein, Plaintiff complained of being subjected to false arrest, harassment, false imprisonment, theft, destruction of property, and unreasonable search and seizure, all of which stemmed from an apparent arrest that took place in Laguna Beach, California. The Court noted that Plaintiff may have also initiated proceedings, in one form or another, relative to that case in the United States District Court in the District of Columbia, United States District Court Central District of California, and in the Superior Court of the State of California. Nevertheless, because the action had no connection to the Northern District of New York, it was transferred to the Central District of California. Sadly, the transfer of the action did not forestall Plaintiff from, three months later, filing ninety-nine pages of "Evidence" in support of his complaint.[11]

---

[11] The Court notes, however, that around the same time, the Central District of California directed Plaintiff to file an amended complaint in order to avoid dismissal, having determined that his initial filing lacked coherence and clarity. Ultimately, that case was dismissed *sua sponte*. *See Unum v. Orange Cnty. Cent. Jail, et al.*, 8:12-CV-113 (MMM/PJW) (Cent. Dist. Cal.). Upon information and belief, Plaintiff filed four other cases in the Central District of California, all of which have been dismissed. *Unum v. Los Angeles Family Hous., et al.*, Civ. No. 2:04-CV-7837 (SJO/PJW) (closed on August 10, 2005, after service on the defendants; appeal dismissed for lack of jurisdiction); *Unum v. Los Angeles Family Hous., et al.*, Civ. No. 2:05-CV-1904 (DT/PJW) (*sua sponte* closed on March 29, 2005, as a duplicate complaint); *Unum v. Orange Cnty. Cent. Jail, et al.*, Civ. No. 8:04-CV-1231 (MMM/PJW) (*sua sponte*
(continued...)

**5.** ***Mazzeo-Unum v. Dep't of Transp., et al.*, 1:12-CV-1856 (TJM/RFT).**

*Pro se* Plaintiff Bruno Mazzeo-Unum initiated this action in December 2012 against the Department of Transportation and the United States Patent/Trademark Office. The documents submitted in support of the complaint were voluminous, thus presenting a burden to the Clerk's Office to scan onto the Court's CM/ECF System. Instead, the Court directed that the exhibits be maintained in traditional paper format in the Clerk's Office. In reviewing the complaint, the undersigned noted that Plaintiff utilized two separate *pro forma* complaints, typically used for complaints brought pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-5, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. Generally, Plaintiff complained that he was precluded from conducting an "invention search" at the Patent and Trademark building, located in Alexandria, Virginia, and was denied the ability to obtain other information at the Library of Congress. As with all of his lawsuits, Plaintiff attached documents bearing no decipherable connection to the subject of the lawsuit, including, but not limited to, ambiguous hand-written diatribes, photocopied excerpts from various publications, newspaper articles and obituaries, medical degree certificates obtained by Michael John Mazzeo, advertisements, and the United States Railroad Distance Table. Over Plaintiff's objections, the case was dismissed in June 2013 for failure to state a claim. Nevertheless, Plaintiff continued to file voluminous objections, the most recent of which was filed in April of this year.

---

[11](...continued)
dismissed on March 23, 2005, in part because the complaint was "unreadable" and plaintiff failed to submit an amended complaint after being afforded the opportunity to do so; appeal was dismissed for lack of jurisdiction); and *Unum v. Orange Cnty. Cent. Jail, et al.*, Civ. No. 8:05-CV-275 (UA/PJW) (closed on April 15, 2005, because it was duplicative of another complaint; appeal dismissed for lack of jurisdiction).

**6.** *Unum, et al. v. Dep't of Taxation and Fin., et al.*, **1:13-CV-586 (MAD/RFT).**

Current case brought by Mazzeo Unum and Interfaith Partnership for the Homeless Inc.

**7.** *Comprehensive Medical Care Servs., P.C., et al. v. New York State Comm'n of Corr., et al.*, **1:13-CV-864 (GTS/CFH).**

Plaintiff initiated this action in July 2013 against nineteen defendants, including individuals and entities. As with the current action, Plaintiff Michael Mazzeo attempted to bring the action on behalf of himself and an entity entitled "Comprehensive Medical Care Servs. P.C." And, as with all his other actions, his initial submission to the Court was massive, exceeding 700 pages. Upon initial review, the complaint was deemed to be lacking the proper form and substance in order for the case to proceed. Accordingly, the complaint was dismissed, however, Mazzeo was given an opportunity to amend his pleading in order to comply with the Federal Rules of Civil Procedure. But because he did not avail himself of that opportunity, judgment was entered and the action was closed.

**8.** *Unum v. Rockland Cnty., et al.*, **1:13-CV-1108 (MAD/CFH).**

Plaintiff Mazzeo Unum initiated this action in September 2013. Using a *pro forma* complaint typically used by individuals seeking remedies for employment discrimination, Plaintiff named various entities as defendants, such as Rockland County, Child Process Centers, Supreme Court, Adult Child Support Units in America, and Empire State Plaza Department of Law, to name a few. Although the *pro forma* complaint was brief, the handwritten notations were almost illegible and nonsensical. As par for the course, accompanying the pleading were reams of documents too voluminous to upload onto the Court's CM/ECF System. But most troubling, in the prayer for relief, as noted by the reviewing Judge, Unum asked for patently inappropriate relief including death by guillotine or by "dropping a weight greater than that of the skull to crush the cranium and its

contents [because] the use of electrocution [or] lethal injection [is] less desirable." The entirety of the pleading was found to be nothing more than incoherent rambling prose with random interjections of lists of statute citations with no connection whatsoever to any right alleged to have been violated by any identifiable individual or entity and was accordingly dismissed.

**9.** *Medical/Surgical Group Trust v. NYS Energy Research and Dev. Auth., et al.*, **1:13-CV-1109 (LEK/CFH).**

This action was initiated in September 2013 by Medical/Surgical Group Trust and Mazzeo Unum Rizzo Dix Snechlor. Yet again, because the documents attached to the pleading were voluminous, the Clerk of the Court was directed to maintain them in traditional format in the Clerk's Office instead of burdening staff with the task of uploading it to the Court's CM/ECF System. Named as defendants were two individuals and various entities such as the New York State Energy Research and Development Authority, the Independent Power Producers of New York, and the Departments of Treasury, Labor, Banking, Health, and Electronic Systems and Control, to name a few. Although he utilized *pro forma* complaints used by individuals seeking remedy for discrimination due to disabilities, age, race, or gender, there were no cognizable sentences included therein and instead amounted to nothing more than rambling prose with intermeshed statute citation lists. Upon initial review, the pleading was deemed woefully insufficient in both form and substance and the case was ultimately dismissed for failure to state a claim.

**10.** *Neuro-Medical Diagnostic Care Servs. P.C., et al. v. Dep't of Transistional Assistance, et al.*, **1:13-CV-1593 (MAD/ATB).**

This action was brought in December 2013, but it was unclear who were the properly named plaintiffs and defendants because in the two *pro forma* pleadings submitted to the Clerk of the Court the listed plaintiffs were two entities, Neuro-Medical Diagnostic Care Services PC and Medcial

Technical Incorporated, but at least one of the pleadings was signed by Mazzeo Unum and the *in forma pauperis* application was submitted on behalf of Mazzeo Unum. Named as defendants were various entities such as the Social Security Administration, Department of Treasury, Congress, and "Albany County Civil Criminal Family Court," to name a few. There were also voluminous exhibits attached to the pleading which were not uploaded onto the Court's CM/ECF System so as not to overburden staff.

In reviewing the combined complaints, the Court gave solicitude to the fact that it appeared as though an individual non-attorney was attempting to bring an action on behalf of corporations, which cannot be done, and instead construed the complaint as having also been brought by Mazzeo Unum on behalf of himself. In any event, because the pleadings failed to plead a single comprehensible fact showing that either the corporations or Unum was entitled to some relief, the case was ultimately dismissed.

**11.** ***Mazzeo v. Dep't of Taxation and Fin., et al.*, 1:14-CV-391 (LEK/RFT).**

"Unum etal Mazzeo" brings this action against the Department of Taxation and Finance, Enforcement Unit, Beth Freije,[12] and State of NY Family Court. As with all other filings, the submissions attached to the complaint were too voluminous to upload to the Court's CM/ECF System and are therefore maintained in traditional paper format in the Clerk's Office. And, as with all other filings, the submissions presented to the Court are nonsensical and provide no insight as to why Plaintiff sought remedy with this Court. Particularly alarming, however, is the inclusion of

---

[12] Upon information and belief, based upon review after review of the countless documents submitted by Mazzeo, including New York State family court documents, Beth Freije and Mazzeo were married and have children, however, that marriage has been dissolved. Many of the papers submitted by Mazzeo concern his child support obligations. Because these documents are unredacted and refer to minor children by name, along with other personal identifying information, the Court will not attach such documents as Exhibits to this Report-Recommendation and Order.

*-17-*

pictures of various members of the New York State Assembly and United States Congress, including hand-drawn cross-hairs on the foreheads of New York State Speaker Sheldon Silver and Chief Judge of the New York Court of Appeals Jonathan Lippman. The undersigned intends to issue a report-recommendation and order in this action recommending dismissal.

### D. Recommendation of Bar Order

It is clear that Plaintiff fits the mold of a pestilent litigator who can only be estopped from pursuing frivolous litigation by sanctions more austere than dismissing his actions. First, a review of Plaintiff's litigation history shows that all of his filed claims are frivolous. Second, Plaintiff could not have had a good faith expectation of prevailing in his civil actions as they patently lack any legal basis. Third, although Plaintiff is a *pro se* litigant, he has extensive litigation experience.[13] Fourth, Plaintiff has caused needless harassment and extreme burden on the Court in having to wade through his astronomical filings. Fifth, in light of Plaintiff's litigation history, it does not appear that any other sanction, short of an injunction, will be adequate to protect the Court from Plaintiff's insatiable appetite for continued litigation. *See Ulysses I & Co., Inc. v. Feldstein*, 2002 WL 1813851 (S.D.N.Y. Aug. 8, 2002), *aff'd sub nom, Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27 (2d Cir. 2003).

Thus, we recommend in addition to dismissal of the within case that, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings, Plaintiff be prohibited from making any future filings in this District without prior leave of the Chief Judge.

---

[13] As noted above, Plaintiff has filed at least eleven actions in this District and has been provided on numerous occasions concise explanations of the shortcomings of his pleadings with explicit direction on how to remedy and re-plead. All of which has fallen on deaf ears.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, (Dkt. No. 9) is **granted**; and it is further

**RECOMMENDED**, that this action be **dismissed** due to Plaintiff's failure to comply with Federal Rules of Civil Procedure 8 and 10 and, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim; and it is further

**RECOMMENDED**, that Michael Mazzeo, a/k/a Bruno Mazzeo-Unum, a/k/a Mazzeo Unum, a/k/a Mazzeo Unum Rizzo, a/k/a Bruno Unum, a/k/a Mazzeo Unum Rizzo Dix Snechlor, a/k/a Unum etal Mazzeo, or any other derivative aliases, be permanently enjoined from filing any other cases in this District without leave of the Chief District Judge; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action and each of the Judges in this District.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: July 9, 2014
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge