**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MAZZEO UNUM,**
**INTERFAITH PARTNERSHIP FOR**
**THE HOMELESS INCORPORATED,**

                  **Plaintiffs,**

    **vs.**                                   **1:13-cv-586**
                                           **(MAD/RFT)**

**DEPARTMENT OF TAXATION AND**
**FINANCE, INTERNAL REVENUE**
**SERVICE, DEPARTMENT OF BANKING**
**DEPARTMENT OF LABOR,**

                  **Defendants.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**MAZZEO UNUM**
171-176 Sheridan Ave., Apt. #6
Albany, New York 12210
Plaintiff *pro se*

**INTERFAITH PARTNERSHIP FOR**
**THE HOMELESS INCORPORATED**
176 Sheridan Ave.
Albany, New York 12210
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff Mazzeo Unum commenced this action in May 2013 against several New York State government entities, purporting to allege violations of the Americans with Disabilities Act. *See* Dkt. No. 1. The instant complaint is the latest in a string of unintelligible and incoherent pleadings filed by Plaintiff Unum in this District. As with each of the other complaints, several of which have been reviewed by the undersigned, here Plaintiff Unum has failed to plausibly allege

any entitlement to relief and this action is accordingly dismissed with prejudice. In addition, in light of Plaintiff Unum's robust history of frivolous filings, he will be prohibited from making any future filings in this District without prior leave of the Chief Judge.

In a July 8, 2014, Report-Recommendation and Order, Magistrate Judge Randolph F. Treece granted Plaintiff Unum's application to proceed *in forma pauperis* and reviewed the sufficiency of the complaint. *See* Dkt. No. 10. Magistrate Judge Treece observed that "the entirety of the Complaint and Exhibits are nothing short of nonsensical and unintelligible verbiage by which the Court can discern no rational relationship between the named Defendants and any purported wrongs committed against Plaintiffs." *Id.* at 6. Magistrate Judge Treece first found that Plaintiff Interfaith Partnership for the Homeless Incorporated ("IPH") was a corporation and, as such, could not represent itself (or be represented by non-attorney Plaintiff Unum) in federal court. Accordingly, Magistrate Judge Treece recommended dismissing Plaintiff IPH. *Id.* In reviewing the sufficiency of the complaint as to Plaintiff Unum, Magistrate Judge Treece found it "at best, disjointed and confusing." *Id.* at 7. After "assiduously and painstakingly reviewing the entire Complaint," Magistrate Judge Treece found that it did not comply with the pleading requirements under the Federal Rules of Civil Procedure and recommended dismissal. *Id.* at 7-8. While noting the policy in this Circuit of affording *pro se* litigants an opportunity to amend their pleadings prior to outright dismissal, Magistrate Judge Treece nevertheless recommended that this action be dismissed without leave to amend. *Id.* at 8. In addition, Magistrate Judge Treece undertook a thorough and comprehensive review of each of the prior cases filed by Plaintiff Unum in this district, all of which (save one) have been dismissed as frivolous and incomprehensible. *See id.* at 9-18. As such, Magistrate Judge Treece "recommend[ed] in addition to dismissal of the within case that, pursuant to 28 U.S.C. 1651(a)

and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings, Plaintiff [Unum] be prohibited from making any future filings in this District without prior leave of the Chief Judge." *Id.* at 18. Neither plaintiff has not objected to the Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states

that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Treece's Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Treece correctly recommended that the Court should dismiss Plaintiff's complaint. A review of Plaintiff's complaint makes clear that it suffers from several deficiencies. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). An opportunity to amend, however, is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Here, amendment would be futile. Reading the complaint liberally, there is no "suggest[ion] that the plaintiff has a claim that [he] has inadequately or inartfully pleaded and . . . should therefore be given a chance to reframe." *Cuoco*, 222 F.3d at 112. Moreover, the Court agrees with Magistrate Judge Treece that Plaintiff Unum is "a pestilent litigator who can only be estopped from pursuing frivolous litigation by sanctions more austere than dismissing his actions." Dkt. No. 10 at 18. As such, Magistrate Judge Treece correctly recommended that the Court dismiss the complaint with prejudice and that Plaintiff Unum "or any other derivative aliases, be permanently enjoined from filing any other cases in this District without leave of the Chief District Judge." *Id.* at 19.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's Report-Recommendation and Order (Dkt. No. 10) is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that this action is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on plaintiffs by regular mail.

**IT IS SO ORDERED.**

Dated: August 7, 2014
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge